# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

CIVIL ACTION NO. 06-cv-00747-PSF-CBS

JAMES D. WEBBER, Individually and as Natural
Father/Next Friend of KALIEB PALMER,

Plaintiffs,

v.

MESA COUNTY, d/b/a DEPARTMENT OF HUMAN SERVICES, DEBRA MAPP, in her individual and official capacity, MARIE REIGAN, Foster Parent, and ROBERT REIGAN, Foster Parent,

Defendants.

_____

## STIPULATED PROTECTIVE ORDER
_____

The parties hereto, by and through their respective attorneys, hereby stipulate and request that the Court enter this Stipulation as its order:

1. Defendant, Mesa County, Colorado, will be disclosing, or will be required to disclose, in the discovery process documents which necessitate the use of a protective order since they concern private matters, which involve persons who are not parties to this case or these persons have rights of privacy under Colorado law.

2. The documents were gathered by the Mesa County Department of Human Services (MCDHS) in the course of its statutory duties related to child protection and reuinification of families. The documents are agency records of MCDHS, and include medical records, law enforcement records, papers filed in the child protection case in the state district court in and for Mesa County, and contain information about Plaintiff, the children, Kalieb and

1

Jacob Palmer, Defendants Mapp, Marie Reigan and Robert Reigan, and nonparties to the case including the children's mother, Candace Palmer, other caseworkers, medical and health care providers, law enforcement, and similar service providers and agencies.

    3.    State law limits access to some or all of the information in the hands of the MCDHS and state and federal law may limit access of the parties to this information in the hands of the medical, health care and other service providers.  As the records relate to a state court child protection case, C.R.S. § 19-1-303 and § 19-1-307, the information may be released when authorized by a court for good cause pursuant to C.R.S. 19-1-307(1)(b).

    4.    The parties submit that there is good cause for the release of the records in that the records are relevant, or may lead to relevant information, regarding the claims and defenses in the case, and that the records provide support for the parties' respective positions.

    5.    The parties further submit that the protective order will permit the use of the records within the case, but will provide privacy and protect the interests of non-parties and unnamed agents, employees and others related to the parties.

    6.    Mesa County will make available the above-described documents and other documents to counsel for plaintiff and the co-defendants, subject to this Protective Order.  By making the records available, Mesa County is not waiving any right to assert confidentiality, privilege or evidentiary objection that it may have or may arise when a document is offered as evidence in this or any other proceeding. The parties agree that the materials will not be disseminated beyond the attorneys, parties, members of the attorneys= staff, or expert witnesses in the absence of a stipulation among the parties or Order of this Court. The attorneys for all parties hereby agree to advise their staff, clients and expert witnesses of the terms of the Stipulated Protective Order, and shall obtain written acknowledgment by clients and expert

witnesses of the existence of this order and the restrictions thereby imposed.

7. In the event that the claim to which these documents relate is subsequently dismissed, the County shall be allowed, in the absence of an agreement between the parties, to apply to the Court for immediate return of these documents in accordance with this Stipulation.

8. As to all documents produced under this Stipulated Protective Order, the parties agree that any pleading in this action, to which such documents are appended, in whole or in part, or containing information derived from such documents, shall be delivered to the Clerk of the United States District Court under seal and will not be available for public inspection unless released by Order of the Court.  Envelopes used to seal such documents shall contain the notation AConfidential.@   This document is subject to Protective Order and may not be examined or copied except in compliance with such Order.

9. Upon termination of this litigation, all copies of the documents produced under this Protective Order shall be returned promptly to the County as follows:

> Mesa County
> c/o Office of Alan Hassler

10. All working papers or other documents in the possession, custody or control of Plaintiff=s counsel relating to the information derived from documents covered by this Stipulated Protective Order and subsequent to the date of the protective order shall be promptly destroyed or sealed and kept confidential by each party=s counsel.

11. Nothing contained in this Stipulated Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some objection or privilege.

12. To the extent that these materials are the subject of a deposition in this case, any

documents made an exhibit and the portion of the deposition in which the matter is discussed shall be sealed and shall carry the notation,

> "Confidential.  This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with such Order, and it will be the obligation of counsel for the County to request such a notation."

13. The parties agree that dissemination of these records is limited by the terms of this Protective Order.

14. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

15. The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this Protective Order. The parties agree, however, that the Order shall remain in effect until further notice is received from the Court.

16. This Stipulated Protective Order does not govern the admissibility at trial of the

documents produced under this protective order, nor is it intended as a substitute for objections to information at trial. The parties will raise the issue of admissibility of these documents in pretrial discussions.

17. By signing the Stipulated Protective Order, counsel for Plaintiff is not agreeing that documents provided pursuant to the same are confidential or privileged but agrees to be bound by the dictates of the protective order concerning dissemination of same.

DATED at Denver, Colorado, this 24th day of August, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:

s/ Alan N. Hassler
Alan N. Hassler
GOLDEN MUMBY SUMMERS LIVINGSTON & KANE, RLLP
2808 North Avenue, Suite 400
P.O. Box 398
Grand Junction, Colorado 81502
Telephone:  (970) 242-7322
Facsimile:  (970) 242-0698
anhassler@gmslk.com
*Attorney for Defendant Debra Mapp and*
*Mesa County d/b/a Department of Human Services*


s/ Earl G. Rhodes
Earl G. Rhodes
Younge & Hockensmith, P.C.
743 Horizon Court, Suite 200
Grand Junction, Colorado 81506
(970) 242-2645
earl@youngelaw.com
*Attorney for Defendants, Robert & Marie Reigan*

s/  Richard T. Gurley
Richard T. Gurley
Carlson, Meissner & Gurley
851 Grand Avenue
Grand Junction, CO 81501
Telephone: (970) 241-0101
Facsimile:  (970) 255-6660
Lawfirm@cmg-law.com
*Attorney for Plaintiffs James D. Webber*