IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00747-PSF-CBS

JAMES D. WEBBER; and
CANDACE PALMER, Individually and as Natural Parents and Next Friends of
KALIEB PALMER,

      Plaintiff,

v.

MESA COUNTY, d/b/a DEPARTMENT OF HUMAN SERVICES;
DEBRA MAPP, Caseworker;
MARIE REIGAN, Foster Parent; and
ROBERT REIGAN, Foster Parent,

      Defendants.

## ORDER ON MOTION FOR TRIAL IN GRAND JUNCTION

      This matter comes before the Court on the motion filed by Defendants Marie and Robert Reigan on June 23, 2006 to conduct the trial of this matter in Grand Junction (Dkt. # 21). They assert that the other defendants join in their motion. The other defendants have not filed an express joinder or response to the motion.

      On July 7, 2006, plaintiffs filed their opposition to the motion (Dkt. # 24), arguing that under 28 U.S.C. § 1404(a), defendants had offered no evidence to support their assertion that a trial in Grand Junction, Colorado, as opposed to Denver, better serves the convenience of the witnesses and the parties (Opposition at 3-4).

      On July 14, 2006, the Reigan Defendants filed their reply arguing that the issue is one to be decided under 28 U.S.C. § 1404(c) and not § 1404(a) as it involves a

possible transfer within the District of Colorado, but that in any event the record shows that the convenience of the witnesses, parties and counsel is best served by a trial in Grand Junction as the pretrial disclosures reveal that most, if not all, of the witnesses reside in or near Grand Junction (Reply at 2-3).

The Court agrees with the Reigan Defendants that this case should be tried in Grand Junction. Congress has set up Colorado as one judicial district, without divisions, and has allowed that court may be held in Boulder, Colorado Springs, Denver, Durango, Grand Junction, Montrose, Pueblo and Sterling. 28 U.S.C. § 85. For transfers within a district that has no divisions the applicable venue statute is 28 U.S.C. § 1404(c), which provides: "A district court may order any civil action to be tried at any place within the division in which it is pending." *See Matthews v. North Slope Borough*, 646 F. Supp. 943, 945 (D. Alaska 1986). As the *Matthews* decision explains, "[t]he language of subsection (c) differs from the language of 28 U.S.C. § 1404(a), governing changes of venue between divisions or districts. The court may exercise discretion to designate one of the statutory locations as a place of trial, even though the case was filed in another location." *Id.* Under this part of the statute, § 1404(c), less deference is given to plaintiff's choice of venue than under § 1404(a). *Id.* at 945-46.

Here, the Court exercises its discretion to set this case for trial in Grand Junction, Colorado given the representations, not denied by plaintiffs, that most if not all of the witnesses are located in Grand Junction, that Defendant Mesa County and its

employees are located in Grand Junction, and that Grand Junction is one of the places designated by statute for holding court within this district. The Reigan Defendants' Motion for Trial in Grand Junction (Dkt. # 21) is hereby GRANTED.

DATED: September 13, 2006.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge